UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AYDE MENA AMARO, ENRIQUE SANCHEZ VIELMA, IRVING RAMOS FRANCO, MIGUEL RIVERA and PAULINO RAMALES BRAVO (A.K.A. PAUL ESTRADA), *individually and on behalf of others similarly situated,*

*Plaintiffs,*

-against-

UNAK GROCERY CORP. (d/b/a LIBERTY CAFÉ), LIBERTY FOOD & GROCERY COR. (d/b/a LIBERTY CAFÉ), GRACE FARMS, INC. (d/b/a City Café) and VIVEK SINGHAL,

*Defendants.*

16-CV-7704-VSB

SETTLEMENT AGREEMENT
AND
RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs Ayde Mena Amaro, Enrique Sanchez Vielma, Irving Ramos Franco, Miguel Rivera, and Paulino Ramales Bravo (a.k.a. Paul Estrada) ("Plaintiffs") on the one hand, and Unak Grocery Corp. (d/b/a Liberty Café), Liberty Food & Grocery Corp. (d/b/a Liberty Café), Grace Farms, Inc. (d/b/a City Café) (collectively, the "Defendant Corporations"), and Vivek Singhal (the "Individual Defendant," and together with the Defendant Corporations "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 16-cv-7704, (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, the Litigation was consolidated with the matter *Miranda, et al. v. Grace Farms, Inc., et al.*, 16-cv-1369;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein

1

contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement (each such claim a "Released Claim"), including all counsel fees and costs incurred by Plaintiffs, the gross sum of Two-Hundred and Ten Thousand Dollars and Zero Cents ($210,000.00) (the "Negotiated Settlement Amount") to be paid to Plaintiffs' attorneys as follows:

    i. A check in the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00), for immediate deposit to be delivered within thirty (30) days of court approval of the Agreement and receipt by the Defendants' attorney of a duly executed IRS W-9 from the Plaintiffs' counsel, made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs.. Determination of the Plaintiffs' share of the Negotiated Settlement Amount, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    ii. A check in the amount of Sixteen Thousand Dollars ($16,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within sixty (60) days of court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    iii. A check in the amount of Sixteen Thousand Dollars ($16,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within ninety (90) days of court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    iv. A check in the amount of Sixteen Thousand Dollars ($16,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within one-hundred and twenty (120) days of court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    v. A check in the amount of Sixteen Thousand Dollars ($16,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within one-hundred and fifty (150) days of court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    vi. A check in the amount of Sixteen Thousand Dollars ($16,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within one-hundred and eighty (180) days of court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    vii. A check in the amount of Sixteen Thousand Dollars ($16,000.00) made payable to

"Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within two-hundred and ten (210) days of court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

viii. A check in the amount of Sixteen Thousand Dollars ($16,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within two-hundred and forty (240) days of court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

ix. A check in the amount of Sixteen Thousand Dollars ($16,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within two-hundred and seventy (270) days of court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

x. A check in the amount of Sixteen Thousand Dollars ($16,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within three hundred (300) days of court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xi. A check in the amount of Sixteen Thousand Dollars ($16,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorney for Plaintiffs," for immediate deposit within three hundred and thirty (330) days of court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

The payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq. and Associates, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165.

3. (a) In the event that the Settlement Amount is not paid by the payment date set forth above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon counsel for Defendants, by email, and the Defendants shall have ten (10) business days from the date of receipt of the Default Notice to cure the default by making such payment. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment annexed hereto as Exhibit A.

(b) Plaintiffs and Plaintiffs' counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement that are not subject to withholding by the Defendants.

4. <u>Failure to Pay</u>: Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiffs to recover from Defendants jointly and severally: (i) all outstanding unpaid amount(s) arising under this Agreement; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; (iii) 150% times any remaining amounts owed;. Defendants shall deliver to Michael A. Faillace, Esq. and Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement. The Confessions of Judgment shall be held in escrow by Plaintiffs' counsel and shall not be filed in any court under any circumstances, other than in the event of an uncured default of payment. Upon receipt of the final payment of the Negotiated Settlement Amount, the Confessions of Judgment shall be returned to Defendants' counsel for destruction.

5. <u>Releases</u>

(a) **Release by Plaintiffs.** Plaintiffs are no longer employees of the Defendants. Each Plaintiff knowingly and voluntarily releases and forever discharge Defendants, and any of their current or former predecessors or successors, or former or current related corporations, partners, affiliates, subsidiaries, divisions, successors and assigns thereof, officers, directors and agents (the "Releasees") of and from any and all claims, actions, causes of action, demands, costs and expenses for damages and claims, known and unknown, accrued or unaccrued which each such Plaintiff, his/her heirs, executors, administrators, successors and assigns have had or may have against Defendants and Releasees for any reason whatsover, including, but not limited to, any claim or any alleged violation of: Any federal, state or local human rights, civil rights, wage and hour, employment or labor law, regulation or ordinance, any federal, state or local unlawful discrimination, harassment, retaliation and wrongful termination law, regulation or ordinance; The National Labor Relations Act, as amended; Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Equal Pay Act; The Employee Retirement Income Security Act of 1974, as amended; The Immigration Reform Control Act, as amended; The Americans with Disabilities Act of 1990, as amended; The Vocational Rehabilitation Act of 1973; as amended; The Age Discrimination in Employment Act of 1967, as amended; The Fair Labor Standards Act, as amended; The Older Workers Benefits Protection Act, as amended; The Occupational Safety and Health Act, as amended; The Federal Family Medical Leave Act; as amended; The Consolidated Budget Reconciliation Act; as amended; The Fair Credit Reporting Act; The Sarbanes Oxley Act; Any breach of contract or breach of fiduciary duty or fraud; Any express or implied employment or other agreement with Defendants (although the Parties understand and agree that no such agreements exist); Any claims for loss of income, loss of benefits, compensatory damages, punitive damages or liquidated damages and any claim for costs, fees, or other expenses, including attorneys' fees. Nothing herein contained shall constitute a release by such Plaintiff of any claims as to which the law prohibits a release.

(b) Plaintiffs hereby authorize and direct their attorneys, upon their execution of this Agreement, to execute and file with the United States District Court for the Southern District of New York, a Stipulation of Discontinuance with Prejudice in this Action. Such Stipulation shall be filed by counsel for Plaintiffs within thirty days ofr court approval of this settlement agreement.

(c) Plaintiffs hereby authorize and direct their attorneys to dismiss the Action with

4

prejudice.

6. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

7. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

8. Acknowledgment: Plaintiffs and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter, and have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

9. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com


To Defendants:

Valerie K. Ferrier, Esq.
Ford Harrison LLP
60 East 42nd Street, 51st Floor
New York, NY 10165
Tel:   (212)453-5919
Email: vferrier@fordharrison.com


10. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles

thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

11. <u>Severability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

12. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

13. <u>Covenant Not to Sue</u>: Plaintiffs hereby covenant and agree not to sue, commence, prosecute and continue any other proceeding or complaint or accept any relief individually or as a member of a class, against Defendants or Releasees based on any claims that are referred to in paragraph five (5) of this Agreement. Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding in which Defendants or any other Releasee identified in this Agreement are a party based on any claims that are referred in paragraph five (5) of this Agreement. Plaintiffs waive any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiffs or anyone else on Plaintiffs' behalf based on any claims referred to in paragraph five (5) of this Agreement. As of the date of execution of this Agreement, Plaintiffs are unaware of any individual(s) who is ready, willing and able to file a civil action for damages, or otherwise proceed in any manner, against Defendants or Releasees as defined herein, including all related entities/individuals noted in paragraph five (5), for any of the type of claims asserted in the Complaint filed in this Action.

14. <u>Accord and Satisfaction</u>: Should any action or proceeding be instituted by any of the Plaintiffs with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal of the subsequent action.

15. <u>No Assignment</u>: Plaintiffs represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

16. Entire Agreement: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

17. Waiver: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

18. Modification: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the affected by the modification, alteration, or change.

19. Binding Effect: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

20. Construction: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

21. Attorneys' Fees and Costs: Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

22. Fair and Reasonable Settlement: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

23. Mutual Non-Disparagement: The Parties hereto agree not to disparage each other. Nothing herein shall prevent the Plaintiffs from speaking truthfully about this case.

24. Counterparts: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This

agreement may also be executed by facsimile transmission.

Plaintiffs:

By: ___*signature*___   Date: 07-24-2018
AYDE MENA AMARO

By: ___*signature*___   Date: 7/24/18
ENRIQUE SANCHEZ VIELMA

By: ___*signature*___   Date: 7/24/18
IRVING RAMOS FRANCO

By: Miguel Rivera   Date: 7/24/18.
MIGUEL RIVERA

By: _____   Date:
PAULINO RAMALES BRAVO (A.K.A. PAUL ESTRADA)

8

agreement may also be executed by facsimile transmission.

Plaintiffs:

By: _____        Date: _____
    AYDE MENA AMARO


By: _____        Date: _____
    ENRIQUE SANCHEZ VIELMA


By: _____        Date: _____
    IRVING RAMOS FRANCO


By: _____        Date: _____
    MIGUEL RIVERA

By: _____/s/_____        Date: 24/07/2018
    PAULINO RAMALES BRAVO (A.K.A. PAUL ESTRADA)

8

Defendants:

UNAK GROCERY CORP. (d/b/a LIBERTY CAFÉ)
By: _____  Date: 7/25/18
Print Name VIVEK SINGHAL
Title President

LIBERTY FOOD & GROCERY CORP. (d/b/a LIBERTY CAFÉ)
By: _____  Date: 7/25/18
Print Name VIVEK SINGHAL
Title President

GRACE FARMS, INC. (d/b/a LIBERTY CAFÉ)
By: _____  Date: 7/25/18
Print Name VIVEK SINGHAL
Title President

_____  Date: 7/25/18
VIVEK SINGHAL

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X
AYDE MENA AMARO, ENRIQUE SANCHEZ
VIELMA, IRVING RAMOS FRANCO, MIGUEL
RIVERA and PAULINO RAMALES BRAVO
(A.K.A. PAUL ESTRADA), *individually and on
behalf of others similarly situated,*

                             AFFIDAVIT OF
                             CONFESSION
        *Plaintiffs*,                OF JUDGMENT

        -against-

UNAK GROCERY CORP. (d/b/a LIBERTY CAFÉ),
LIBERTY FOOD & GROCERY CORP. (d/b/a
LIBERTY CAFÉ), GRACE FARMS, INC. (d/b/a
City Café) and VIVEK SINGHAL,

        *Defendants.*

-----------------------------------------------------------------X

STATE OF NEW YORK  )
                            ) ss.
COUNTY OF _Nassau_ )

_VIVEK SINGHAL_, being duly sworn, deposes and says:

1. I reside in _Roslyn_, New York

2. I am an owner of Grace Farms, Inc. (d/b/a City Café). I am duly authorized to make this affidavit of confession of judgment on behalf of Grace Farms Inc.

3. Grace Farms Inc. maintains its principal place of business at 35 West 43rd Street, New York, NY 10036.

4. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Unak Grocery Corp. (d/b/a Liberty Café), Liberty Food & Grocery Corp. (d/b/a Liberty Café), Grace Farms, Inc. (d/b/a City Café), and Vivek Singhal are to submit a total sum of Two-Hundred and Ten Thousand Dollars and Zero Cents ($210,000.00) to Plaintiffs.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Ayde Mena Amaro, Enrique Sanchez Vielma, Irving Ramos Franco, Miguel Rivera, and Paulino Ramales Bravo (a.k.a. Paul Estrada) (collectively, "Plaintiffs") and Unak Grocery Corp. (d/b/a

16

Liberty Café), Liberty Food & Grocery Corp. (d/b/a Liberty Café), Grace Farms, Inc. (d/b/a City Café), and Vivek Singhal (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against Grace Farms, Inc. and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $210,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against Grace Farms, Inc.

Grace Farms, Inc.

By: VIVEK SINGHAL

24 day of July of 2018

Notary Public

JOAO F RODRIGUES
Notary Public - State of New York
NO. 01RO6111982
Qualified in Nassau County
My Commission Expires Aug 2, 2020

17

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X
AYDE MENA AMARO, ENRIQUE SANCHEZ
VIELMA, IRVING RAMOS FRANCO, MIGUEL
RIVERA and PAULINO RAMALES BRAVO
(A.K.A. PAUL ESTRADA), *individually and on
behalf of others similarly situated,*

                                AFFIDAVIT OF
                                CONFESSION
        *Plaintiffs,*              OF JUDGMENT

        -against-

UNAK GROCERY CORP. (d/b/a LIBERTY CAFÉ),
LIBERTY FOOD & GROCERY CORP. (d/b/a
LIBERTY CAFÉ), GRACE FARMS, INC. (d/b/a
City Café) and VIVEK SINGHAL,

        *Defendants.*

-----------------------------------------------------------------X

STATE OF NEW YORK  )
                              ) ss.
COUNTY OF Nassau  )

VIVEK S[ingh]al being duly sworn, deposes and says:

1.    I reside in Roslyn, New York

2.    I am an owner of Unak Grocery Corp. (d/b/a Liberty Café). I am duly authorized to make this affidavit of confession of judgment on behalf of Unak Grocery Corp.

3.    Unak Grocery Corp. maintains its principal place of business at 37 West 43rd Street, New York, NY 10036.

4.    This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Unak Grocery Corp. (d/b/a Liberty Café), Liberty Food & Grocery Corp. (d/b/a Liberty Café), Grace Farms, Inc. (d/b/a City Café), and Vivek Singhal are to submit a total sum of Two-Hundred and Ten Thousand Dollars and Zero Cents ($210,000.00) to Plaintiffs.

5.    Pursuant to the terms of the Settlement Agreement and Release by and between Ayde Mena Amaro, Enrique Sanchez Vielma, Irving Ramos Franco, Miguel Rivera, and Paulino Ramales Bravo (a.k.a. Paul Estrada) (collectively, "Plaintiffs") and Unak Grocery Corp. (d/b/a

12

Liberty Café), Liberty Food & Grocery Corp. (d/b/a Liberty Café), Grace Farms, Inc. (d/b/a City Café), and Vivek Singhal (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against Unak Grocery Corp. and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $210,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against Unak Grocery Corp.

Unak Grocery Corp.

By: VIVEK SINGHAL

24 day of July of 2018

Notary Public

JOAO F RODRIGUES
Notary Public - State of New York
NO. 01RO6111982
Qualified in Nassau County
My Commission Expires Aug 2, 2020

13

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
---------------------------------------------------------------X
AYDE MENA AMARO, ENRIQUE SANCHEZ
VIELMA, IRVING RAMOS FRANCO, MIGUEL
RIVERA and PAULINO RAMALES BRAVO
(A.K.A. PAUL ESTRADA), *individually and on
behalf of others similarly situated,*

                     AFFIDAVIT OF
                     CONFESSION
                     OF JUDGMENT

         *Plaintiffs,*

         -against-

UNAK GROCERY CORP. (d/b/a LIBERTY CAFÉ),
LIBERTY FOOD & GROCERY CORP. (d/b/a
LIBERTY CAFÉ), GRACE FARMS, INC. (d/b/a
City Café) and VIVEK SINGHAL,

         *Defendants.*

---------------------------------------------------------------X

STATE OF NEW YORK   )
                             ) ss.
COUNTY OF Nassau )

Vivek Singh, being duly sworn, deposes and says:

1. I reside in Roslyn, New York

2. I am an owner of Liberty Food & Grocery Corp. (d/b/a Liberty Café). I am duly authorized to make this affidavit of confession of judgment on behalf of Liberty Food & Grocery Corp.

3. Liberty Food & Grocery Corp. maintains its principal place of business at 37 West 43rd Street, New York, NY 10036.

4. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Unak Grocery Corp. (d/b/a Liberty Café), Liberty Food & Grocery Corp. (d/b/a Liberty Café), Grace Farms, Inc. (d/b/a City Café), and Vivek Singhal are to submit a total sum of Two-Hundred and Ten Thousand Dollars and Zero Cents ($210,000.00) to Plaintiffs.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Ayde Mena Amaro, Enrique Sanchez Vielma, Irving Ramos Franco, Miguel Rivera, and Paulino

14

Ramales Bravo (a.k.a. Paul Estrada) (collectively, "Plaintiffs") and Unak Grocery Corp. (d/b/a Liberty Café), Liberty Food & Grocery Corp. (d/b/a Liberty Café), Grace Farms, Inc. (d/b/a City Café), and Vivek Singhal (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against Liberty Food & Grocery Corp. and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $210,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against Liberty Food & Grocery Corp.

Liberty Food & Grocery Corp.

By: _VIVEK SINGHAL_

24 day of July of 2018

_____
Notary Public

JOAO F RODRIGUES
Notary Public - State of New York
NO. 01RO6111982
Qualified in Nassau County
My Commission Expires Aug 2, 2020

15

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
---------------------------------------------------------------X

AYDE MENA AMARO, ENRIQUE SANCHEZ
VIELMA, IRVING RAMOS FRANCO, MIGUEL
RIVERA and PAULINO RAMALES BRAVO
(A.K.A. PAUL ESTRADA), *individually and on
behalf of others similarly situated,*

        *Plaintiffs,*

    -against-

UNAK GROCERY CORP. (d/b/a LIBERTY CAFÉ),
LIBERTY FOOD & GROCERY CORP. (d/b/a
LIBERTY CAFÉ), GRACE FARMS, INC. (d/b/a
City Café) and VIVEK SINGHAL,

        *Defendants.*
---------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK   )
                           ) ss.
COUNTY OF Nassau  )

Vivek Singhal, being duly sworn, deposes and says:

1. I reside in Roslyn, New York

2. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Unak Grocery Corp. (d/b/a Liberty Café), Liberty Food & Grocery Corp. (d/b/a Liberty Café), Grace Farms, Inc. (d/b/a City Café), and Vivek Singhal (collectively, "Defendants") are to submit a total sum of Two-Hundred and Ten Thousand Dollars and Zero Cents ($210,000.00) to Plaintiffs.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Ayde Mena Amaro, Enrique Sanchez Vielma, Irving Ramos Franco, Miguel Rivera, and Paulino Ramales Bravo (a.k.a. Paul Estrada) (collectively, "Plaintiffs") and Unak Grocery Corp. (d/b/a Liberty Café), Liberty Food & Grocery Corp. (d/b/a Liberty Café), Grace Farms, Inc. (d/b/a City Café), and Vivek Singhal (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

10

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $210,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), times 150% against me, Vivek Singhal.

_____
VIVEK SINGHAL

24 day of July of 2018

_____
Notary Public

JOAO F RODRIGUES
Notary Public - State of New York
NO. 01RO6111982
Qualified in Nassau County
My Commission Expires Aug 2, 2020