```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
ARTURO DANIEL MIRANDA, et al.,                           :
                                                         :
                            Plaintiffs,                  :     **ORDER**
                                                         :
         -v-                                             :
                                                         :
GRACE FARMS, INC., et al.,                               :     16-CV-1369 (VSB)
                                                         :
                            Defendants.                  :
                                                         :
-------------------------------------------------------- :
                                                         :
AYDE MENA AMARO, et al.,                                 :
                                                         :
                            Plaintiffs,                  :
                                                         :
         -v-                                             :
                                                         :
UNAK GROCERY CORP. (d/b/a Liberty                        :     16-CV-7704 (VSB)
Café), et al.,                                           :
                            Defendants.                  :
                                                         :
-------------------------------------------------------- X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

On February 23, 2016, Plaintiffs Arturo Daniel Miranda, Alfonso Vera Rodas, Miguel Garcia, and Daniel Grande Netzahuatl filed a collective action against Defendants Grace Farms, Inc. d/b/a City Café, Unak Grocery Corp. d/b/a Liberty Café, Rajni Singhal, and Vivek Singhal, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and the New York Labor Law ("NYLL") (the "Miranda Action"). (*See generally* Doc. 1.)

On December 9, 2016, I consolidated the Miranda Action with a related action, *Amaro, et al. v. Unak Grocery Corp., et al.*, 16-cv-7704 (the "Amaro Action"), involving different plaintiffs but the same or similar Defendants. (*See* Doc. 35.) On January 30, 2017, Plaintiffs

from the Miranda Action and Amaro Action filed a consolidated collective action complaint in this matter. (Doc. 45.) Plaintiffs allege various violations of the FLSA and NYLL including that Defendants failed to pay them overtime compensation for all hours worked in excess of forty hours per week and failed to pay spread-of-hours pay. (*See id.*)

During a status conference on July 18, 2018, the parties informed me that they had reached a settlement with respect to Plaintiffs' claims. (*See* Doc. 92.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). "A reasonable agreement must 'reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *1 (S.D.N.Y. Apr. 21, 2016) (quoting *Mamani v. Licetti*, No. 13-cv-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)). Accordingly, I requested that the parties file a joint letter attaching the settlement agreement and explaining how the terms of their proposed settlement are fair and reasonable. (*See* Doc. 92.) On July 26, 2018, the parties filed two separate letters attaching two separate proposed settlement agreements; one letter attached a proposed agreement between the plaintiffs and defendants originally party to the Miranda Action (the "Miranda Parties"), and the other letter attached a proposed agreement between the plaintiffs and defendants originally party to the Amaro Action (the "Amarao Parties"). (*See* Docs. 93, 94.) It is not clear on the face of the documents provided why the parties—having filed a consolidated collective action complaint—chose to submit two separate settlement agreements containing certain different

clauses.

For the reasons discussed below, I find that the proposed agreement between the Amaro Parties is not fair and reasonable. As such, and because I intend to consider the proposed settlement amounts and attorneys' fees requested in both agreements in tandem and I cannot determine what impact the objectionable clauses may have had on the settlements, I do not address the fairness and reasonableness of the settlement amounts contained in either of the agreements.

## I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following five factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quoting *Pavon v. Daniel's Bagel Corp.*, No. 15-CV-8376 (LTS), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016)).

3

## II. Discussion

I have independently reviewed the settlement agreement and supporting submissions submitted by the Amaro Parties to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. (*See* Doc. 94.) I do not find the settlement agreement to be fair and reasonable because the settlement agreement contains overbroad releases. As a result of this finding, I do not separately consider in this Order whether the settlement amount and requested attorneys' fees are reasonable.

I will not approve the sweeping "Releases" provision in the proposed settlement agreement. (*See* Settlement Agmt. § 5.)[1] "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

---

[1] "Settlement Agmt." refers to the Amaro Parties' proposed Settlement Agreement and Release of Claims. (Doc. 94-1.)

4

The Release provision in the Amaro Parties' settlement agreement is too broad to survive judicial scrutiny. Pursuant to the release provision, Plaintiffs release Defendants

> from any and all claims, actions, causes of action, demands, costs and expenses for damages and claims, known and unknown, accrued or unaccrued which each such Plaintiff, his/her heirs, executors, administrators, successors and assigns have had or may have against Defendants and Releasees for any reason whatso[ev]er . . . .

(Settlement Agmt. § 5(a).) It then provides a lengthy—but according to the release non-exhaustive—list of statutes and claims barred by the release, ranging from Title VII of the Civil Rights Act of 1964 to the Americans with Disabilities Act of 1990 to common law fraud. (*See id.*) This provision is overbroad: it requires Plaintiffs to waive virtually any claim, of any type, against Defendants or any possibly related entity. Although some Courts in this district have approved release provisions on the basis of their mutuality, *see, e.g.*, *Lola v. Skadden, Arps, Meagher, Slate, Flom, LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb 3. 2016), the parties offer no basis for finding that this release provision provides Plaintiffs any benefit, comparable or otherwise. Moreover, "[t]he fact that the general release is styled as mutual, although favoring the settlement, does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee." *Gurung*, 226 F. Supp. 3d at 229; *see also Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at *2 (S.D.N.Y. May 16, 2017).

Accordingly, this provision does not meet the standards for approval established by courts in this district.[2]

---

[2] I note that the proposed settlement agreement also contains a non-disparagement provision. (Settlement Agmt. § 23.) Pursuant to the provision, the parties "agree not to disparage each other." (*Id.*) "Courts in this District have held that while 'not all non-disparagement clauses are per se objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case. Otherwise, such a provision contravenes the remedial purposes of the FLSA and is not fair and reasonable.'" *Martinez*, 2016 WL 206474, at *1 (quoting *Lazaro-Garcia*, 2015 WL 9162701, at *3). In light of the fact that the non-disparagement provision here includes a carve-out for truthful

### III. Conclusion

For the reasons stated above, I find that the Amaro Parties' proposed settlement agreement is not fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated: May 28, 2019
       New York, New York

Vernon S. Broderick
United States District Judge

---

statements—noting that "[n]othing herein shall prevent the Plaintiffs from speaking truthfully about this case, (Settlement Agmt. § 23)—I find that the non-disparagement provision is consistent with the law in this District and do not object to its inclusion in the agreement.