UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    ARTURO DANIEL MIRANDA, et al.,

                           Plaintiffs,         **ORDER**

              -v-

    GRACE FARMS, INC., et al.,             16-CV-1369 (VSB)

                          Defendants.

------------------------------------------------------------
    AYDE MENA AMARO, et al.,

                           Plaintiffs,

              -v-

    UNAK GROCERY CORP. (d/b/a Liberty    16-CV-7704 (VSB)
    Café), et al.,

                          Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/2020

VERNON S. BRODERICK, United States District Judge:

        On February 23, 2016, Plaintiffs Arturo Daniel Miranda, Alfonso Vera Rodas, Miguel Garcia, and Daniel Grande Netzahuatl filed a collective action against Defendants Grace Farms, Inc. d/b/a City Café, Unak Grocery Corp. d/b/a Liberty Café, Rajni Singhal, and Vivek Singhal, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and the New York Labor Law ("NYLL") (the "Miranda Action"). (*See generally* Doc. 1.)

        On December 9, 2016, I consolidated the Miranda Action with a related action, *Amaro, et al. v. Unak Grocery Corp., et al.*, 16-cv-7704 (the "Amaro Action"), involving different plaintiffs but the same or similar Defendants. (*See* Doc. 35.) In that Order, I directed the parties

place any future filings on the docket of the first-filed case, No. 16-cv-1369. (*Id.* at 2.)

On January 30, 2017, Plaintiffs from the Miranda Action and Amaro Action filed a consolidated collective action complaint in this matter. (Doc. 45.) Plaintiffs alleged various violations of the FLSA and NYLL including that Defendants failed to pay them overtime compensation for all hours worked in excess of forty hours per week and failed to pay spread-of-hours pay. (*See id.*)

During a status conference on July 18, 2018, the parties informed me that they had reached a settlement with respect to Plaintiffs' claims. (*See* Doc. 92.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Accordingly, I directed the parties file to a joint letter attaching the settlement agreement and explaining how the terms of their proposed settlement are fair and reasonable. (*See* Doc. 92.) On July 26, 2018, the parties filed two separate letters attaching two separate proposed settlement agreements; one letter attached a proposed agreement between the plaintiffs and defendants originally party to the Miranda Action (the "Miranda Parties"), and the other letter attached a proposed agreement between the plaintiffs and defendants originally party to the Amaro Action (the "Amaro Parties"). (*See* Docs. 93, 94.) By Order dated May 28, 2019, I rejected the proposed agreement between the Amaro Parties and Defendants on the ground that it contained an overbroad release, and declined to consider the agreement between the Miranda Parties and Defendants, or the proposed settlement amounts and attorneys' fees contained in the agreement with the Amaro Parties, because I intended to consider the two agreements in tandem.

(Doc. 72.)

On June 14, 2019, the Amaro Parties filed a stipulation amending the settlement agreement that contained a revised version of the release I had previously found objectionable. (No. 16-cv-7704, Doc. 73.)  However, they filed this stipulation on the docket of Case No. 16-cv-7704, which had been closed.  (*See id.*)  On April 29, 2020, the Amaro Parties refiled this stipulation on the docket of Case No. 16-cv-1369, but it was administratively rejected by the Clerk.  (Doc. 100.)  On June 9, 2020, the Amaro Parties properly refiled the proposed stipulation ("Revised Release").  (Doc. 101.)

However, I find that the proposed agreement between the Amaro Parties is still not fair and reasonable.  As I still intend to consider the proposed settlement amounts and attorneys' fees requests in tandem, I do not address the fairness and reasonableness of the settlement amounts contained in either of the agreements.

## I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate

documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 2020 WL 550470, at *6 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II. Discussion

Although the Revised Release is narrower than its original form, I find it to be overbroad. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v.*

*Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)). Courts may also approve releases of claims arising up to the date of the agreement under the wage and hour statutes pursuant to which the plaintiff has brought his action. *See Aguilar v. N & A Prods. Inc.*, No. 19-CV-1703 (RA), 2019 WL 7293362, at *1 (S.D.N.Y. Dec. 30, 2019).

The Amaro Parties' Revised Release, entitled "Release and Covenant Not To Sue," reads as follows:

> Plaintiffs knowingly and voluntarily release and forever discharge Defendants of and from any and all claims at issue in this action, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement, which Plaintiffs have or may have against Defendants, and also covenants not to file any claim or suit alleging a violation of any federal or state wage and hour laws including, but not limited to, the Fair Labor Standards Act and the New York Labor Law.

Thus, while the "release of claims" portion of the Revised Release is limited in time and scope, the "covenant not to sue" portion is not. Because the covenant not to file any claim is not limited to claims arising through the date of the agreement, or claims arising out of the conduct alleged in the Complaint, it arguably precludes Plaintiffs from bringing FLSA or NYLL actions against Defendants that may accrue in the future. Such a release does not meet the standards for approval established in this District. *See Babayeva v. Halstead Mgmt. Co., LLC*, No. 16-CV-3794(RA), 2018 WL 5997919, at *3 (S.D.N.Y. Nov. 15, 2018) (rejecting agreement that contained a release of all claims the parties currently had or "may have in the future"); *Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515 (RA), 2017 WL 1857246, at *3 (S.D.N.Y. May 5, 2017) (striking a mutual release agreement that required "Plaintiffs to waive virtually any claim, of any type, in existence now or in the future, against Defendants or any possibly related entity").

Although some Courts in this district have approved release provisions on the basis of their mutuality, *see, e.g.*, *Lola v. Skadden, Arps, Meagher, Slate, Flom, LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb 3. 2016), the parties offer no basis for finding that this release provision provides Plaintiffs any benefit, comparable or otherwise.  Moreover, "[t]he fact that the general release is styled as mutual, although favoring the settlement, does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee." *Gurung*, 226 F. Supp. 3d at 229; *see also Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at *2 (S.D.N.Y. May 16, 2017).

Because I find the release provision in the Amaro Parties' revised proposed settlement agreement to be overbroad, I do not address the Miranda Parties' proposed settlement agreement ("Miranda Agreement") at this time.  However, I note that although the release provision of that agreement appears to be limited in scope, (*see* Doc. 93-1, at ¶ 2), the agreement contains two potential issues.  First, the Miranda Parties have settled for less than the Amaro Parties, neither party addresses the reason for that difference, and neither addresses why, despite that difference, the respective settlements are fair and reasonable.

Second, the covenant not to sue contained in Paragraph 3(c) of the Miranda Agreement appears to contain a typo that may materially alter the agreement.  Specifically, under that provision, Plaintiffs "covenant and agree not to sue, commence, prosecute and continue any other proceeding or complaint or accept any relief individually or as a member of a class, against Defendants or Releasees based on any claims that are referred to in paragraph three (3) of this Agreement."  (*Id.* at 3(c).)  However, while Paragraph 2 lists the types of claims waived by both parties under the agreement, Paragraph 3 does not.  Accordingly, if the Miranda Parties wish to

6

proceed with settlement, they shall resubmit the settlement agreement with that error fixed, or explain why it is not an error.

### III.   Conclusion

For the reasons stated above, I find that the Amaro Parties' proposed settlement agreement is not fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties are directed to appear for a telephonic conference on October 23, 2020 at 12:30 p.m. The dial-in number is (888) 363-4749 and the access code is 2682448.

The Amaro and Miranda parties may proceed by either:

1. Filing revised proposed settlement agreements within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:   October 15, 2020
         New York, New York

*Vernon S. Broderick*
Vernon S. Broderick
United States District Judge